Filed 3/13/25  In re L.C. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re L.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>L.C.,<br><br>　　　Defendant and Appellant. | A171312<br><br>(Contra Costa County<br>Super. Ct. No. J2400422) |

### MEMORANDUM OPINION[1]

After an adjudication hearing, the juvenile court declared L.C. a ward of the court.  She appealed, and her counsel filed a brief asking this court to independently review the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436; *In re Kevin S.* (2003) 113 Cal.App.4th 97, 99 [*Wende* procedure applies in juvenile delinquency appeals].)  L.C. was informed of her right to file a supplemental brief and did not do so.  We conclude there are no arguable issues and affirm.

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)

In July 2024, J.M. was walking in a Concord park with her boyfriend, O.Q.B. A group of approximately seven people approached them and began assaulting him. J.M. saw a girl — who turned out to be L.C. — punching and kicking him in the head. The rest of the group also hit and "jumped" him. After the fight ended, J.M. could not awaken O.Q.B., and it took about six minutes for him to wake up. She provided the police with a video she recorded on her cell phone. Using various videos of the incident, a detective identified L.C.

Later that month, the district attorney filed a juvenile wardship petition, alleging L.C. committed an assault by means likely to produce great bodily injury and that she personally inflicted great bodily injury. (Pen. Code, §§ 245, subd. (a)(4), 12022.7, subd. (a).) At the adjudication hearing, L.C. asserted self-defense, arguing she hit O.Q.B. after he hit her first. She admitted kicking him but denied doing so in the head. She also explained that — prior to him hitting her — she was trying to separate those attacking him. Video showed that, during the fight, O.Q.B. tried to flee through a gate into an apartment complex parking lot. L.C. testified everyone followed him, which was when she kicked him while he was on the ground.

The juvenile court rejected L.C.'s claim of self-defense.[2] It noted O.Q.B was outnumbered, and the video showed her kicking him when he was lying on the ground not hitting anyone. It found true the assault allegation, concluded it was felonious behavior, and denied L.C.'s motion to reduce the offense to a misdemeanor. But it found not true and dismissed the great

---

[2] At the close of the prosecution's case, L.C. moved for judgment of acquittal based on jurisdiction, arguing the prosecution failed to introduce evidence that Concord is in Contra Costa County. The juvenile court granted the prosecution's motion to reopen its case so the court could take judicial notice of that fact.

bodily injury enhancement, concluding great bodily injury had not been proven beyond a reasonable doubt. At the disposition hearing, the court declared L.C. a ward of the court and placed her on probation. It also ordered her to serve 37 days in juvenile hall with 37 days of credit for time served, participate in Community Success Pathway, serve 120 days of home supervision, complete 40 hours of community service, and participate in the Multi-Disciplinary Team Rehabilitation Plan process.

Having conducted an independent review of the record, we have found no meritorious issues that could be argued on appeal. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.) The judgment is affirmed.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.

A171312; *P. v. L.C.*